## WILLIAM KULAK, CLAIMANT
vs.
## LANDERS, FRARY & CLARK and THE TRAVELERS INSURANCE CO., RESPONDENTS

Superior Court        Hartford County        File #50286

Present:  Hon. CARL FOSTER, Judge.

M. D. Saxe,                    Attorney for the Plaintiff.

Millard Bartels,              Attorney for the Defendant.

## MEMORANDUM FILED JUNE 25, 1935.

FOSTER, J. This is an appeal from the Compensation Commissioner for the First Congressional District by the claimant, whose claim for Workmen's Compensation was dismissed.

In considering this appeal the finding of the Commissioner cannot be modified, if there is evidence to sustain it. This

proposition is so fundamental in our law that citation is needless.

The Commissioner finds that "for some eighteen years prior to January 1st, 1934 the claimant was a brass molder for the respondent-employer" and that "as a result of his occupation he contracted a condition known as pneumoconiosis, more properly silicosis" and that "since January 1st he has been partially disabled, because of physical disabilities, though he probably can do carefully selected work, if he can find it." The Commissioner concluded and finds as a fact that the pneumoconiosis or silicosis from which the claimant suffers "is not a substantial factor in his present disability".

The controlling question in the case is whether the pneumoconiosis is a substantial factor in the claimant's present disability.

The claimant submitted the testimony of two physicians, who testified affirmatively as to this proposition; while the respondent presented the testimony of one physician, who reached a negative conclusion. If we were to go no farther than this in our examination of the evidence, we would be forced to the conclusion that, since the evidence is conflicting, the finding of the Commissioner cannot be disturbed on appeal.

But the testimony of these three physicians is before the Court. Dr. Stoll examined the claimant twice. Dr. Roberts, a roentgenologist, examined and interpreted two X-rays of the claimant, one being stereoscopic, and examined the claimant once by means of the fluoroscope.

Dr. Gibson, on behalf of the respondent, examined the claimant once and saw the X-ray films. All three physicians agree that the claimant suffers from pneumoconiosis. After exhaustive clinical examination and interpretation of the X-ray films and examination by the fluoroscope and the exclusion and elimination of all other diseases that could possibly cause the symptoms exhibited by the claimant and the condition in which they find him, Dr. Stoll and Dr. Roberts testify affirmatively that the condition is caused by the pneumoconiosis.

Dr. Gibson's conclusion was expressed as follows:

Question by counsel for respondent:

"From your examination, plus the X-ray findings did

you believe that in this man, the silicosis is a material factor in his existing disabilty?

A. I have no doubt but that the silicosis is contributing to his disability, but I am unable to convince myself that all of his disability is due to his silicosis.

Q. Do you think his silicosis is a substantial factor in his disability?

A. I don't think so—no."

And then on cross-examination this doctor testified as follows:

Question by counsel for the claimant:

"Of course, Dr. Gibson, then I will ask you, what in your opinion is creating this disability in this man today. You have examined him. What do you think?

A. I don't know. I would like to know what his gastro-intestinal condition is like."

As to the latter part of this answer the Commissioner asked:

"Did he have a gastro-intestinal series done on him, Mr. Coleman (counsel for the respondent)?"

to which Mr. Coleman replied "Yes".

From the state of the testimony of the three doctors we find all of them agreeing that the claimant has pneumoconiosis; two of the physicians offer subordinate facts, which they give, to reach a conclusion, the logic of which is not assailed, that the pneumoconiosis is at least a substantial factor, if not the only cause, of the claimant's disability; the third physician, without giving subordinate facts that logically support his conclusion, concludes that pneumoconiosis is not a substantial factor of the disability, and he does not know what is such substantial factor. The opinion of the two doctors is positive, resting upon subordinate facts; the opinion of the third doctor is purely negative without reasonable explanation in the subordinate facts. The opinion of the two is such as to form a basis for a reasonable finding by a trier; the opinion of the one can furnish a foundation for the finding of the trier no more sure and certain than is the opinion itself.

As to the amount of the disability, Dr. Gibson testifies that it is total. The two doctors for the claimant testify that he might do such work as sitting at a bench and sorting

small bolts and nuts, but he would have difficulty in getting to and from his work even if he could find such light work to do.

The Commissioner finds that "the entire picture is puzzling". If the reason motivating the Commissioner in making the finding on file is pertinent, it may be found in his "Memorandum", wherein he refers to the relative standing of the witnesses. In these days the young man in the profession—whatever the profession be—is often more thorough and exhaustive in his research and more logical in his conclusions than the older man, who is able to rely upon his reputation acquired by years of labor; and especially is this often true when the subject of the examination is one of the world's less fortunate.

I am of the opinion that a serious injustice would result to the claimant if the finding as made by the Commissioner were permitted to stand.

The appeal is sustained.

The finding and award are ordered modified and corrected as follows:

1. By striking out paragraph 8 of the finding and award and substituting in lieu thereof the following:

"8a. Since January 1, 1934, the claimant has been unable to do any work requiring walking, lifting or muscular exertion."

"8b. The claimant is totally and permanently disabled from doing any work that he is capable of reaching and doing."

2. By striking out paragraph 9 of the finding and award and substituting in lieu thereof the following:

"The pneumoconiosis or silicosis from which the claimant suffers is a substantial factor in causing his permanent disability."

3. By striking out paragraph 10 of the finding and award and substituting in lieu thereof the following:

"It is ordered, adjudged and awarded that the respondents, Landers, Frary & Clark and the Travelers Insurance Company pay the claimant compensation at the rate of

$7.98 weekly commencing January 1, 1934, during his entire period of incapacity, but not to exceed five hundred and twenty weeks, together with the hospital bill amounting to $102.25."

4. By adding the following paragraphs to the finding and award:

"6a. This type of work required him to do so considerable walking, lifting of heavy objects, and various other kinds of manual labor and muscular exertion."

"9a. Counsel for the respondents at the time of the hearing had within his control the results of a series of gastro-intestinal examinations of the claimant but failed to offer the same, or the results thereof, in evidence."

"9b. The respondents offered no evidence that the claimant's condition was due to any cause other than pneumoconiosis."

"9c. The claimant has sustained the burden of proving that his occupational disease is chargeable to his employment and is the cause of his present permanent disability."

"9d. The average weekly wage of the claimant, computed in accordance with the terms of the Compensation Act, was $15.96."

"9e. The claimant's hospital bill for reasonable hospital service made necessary by the claimant's illness here under consideration amounts to $102.25."